UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BETTY LANAE BOATRIGHT, et al.,<br><br>      Plaintiffs,<br> v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>      Defendant. | CASE NO. C20-1131JLR<br><br>ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES |

## I. INTRODUCTION

Before the court is the parties' stipulated motion to continue the trial date and pretrial deadlines in this matter. (Stip. Mot. (Dkt. # 15).) The court has considered the motion, all submissions filed in support of the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the parties' motion.

//

//

ORDER - 1

## II. BACKGROUND

Plaintiffs Betty Lanae Boatright and Albert Dean Boatright (collectively, "the Boatrights") filed their complaint in Skagit County Superior Court on June 17, 2020. (Compl. (Dkt. # 1-2).) They served Defendant Costco Wholesale Corporation ("Costco") on June 23, 2020. (Ormsby Decl. (Dkt. # 2) ¶ 2, Ex. 1.) Costco timely removed the matter to this court on July 21, 2020. (Not. of Removal (Dkt. # 1).) The Boatrights, who are residents of Oklahoma, allege that Ms. Boatright fell on debris in the parking lot of the Costco store in Burlington, Washington, and that she suffered severe injuries as a result. (*Id.* at 2; Ormsby Decl. ¶ 4, Ex. 3; Compl. ¶¶ II-IV.)

The court issued its scheduling order on October 16, 2020. (Sched. Order (Dkt. # 13).) The court set the deadline for expert witness disclosures on October 6, 2021; the deadline for completion of discovery on December 6, 2021; the dispositive motions deadline on January 4, 2022; and the trial date on April 4, 2022. (*Id.* at 1-2.)

On October 6, 2021, the court granted the parties' stipulated motion to extend the expert disclosure deadline from October 6, 2021, to November 3, 2021. (10/6/21 Order (Dkt. # 15); *see* 10/6/21 Stip. Mot. (Dkt. # 14).) The parties represented to the court that they sought the extension in order to explore possible settlement. (10/6/21 Stip. Mot. at 1.)

The parties now ask the court to extend all unexpired case deadlines by approximately three months. (*See generally* Stip. Mot.) In relevant part, they move to reset the discovery deadline to March 7, 2022; the dispositive motions deadline to April 4, 2022; and the trial date on July 11, 2022. (*Id.* at 2-3.) They argue that good cause

ORDER - 2

exists to extend these deadlines because, "[d]ue to Plaintiff living out of state and Costco's expert's availability", they have been unable to schedule a Federal Rule of Civil Procedure 35 examination of Ms. Boatright before the December 6, 2021 discovery completion deadline.  (*Id.* at 1-2.)  They state that a three-month extension of all deadlines "will allow the parties to engage in meaningful settlement negotiations and prepare for mediation."  (*Id.* at 2.)

### III.   ANALYSIS

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  To show "good cause," a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.* at 609.  As the court noted in its scheduling order, "failure to complete discovery within the time allowed is not recognized as good cause."  (Sched. Order at 2.)

The court finds that the parties have not established good cause to amend the case schedule.  The scheduling order provided the parties nearly fourteen months in which to complete discovery (*see id.* at 1), and the court is not convinced of the parties' diligence in attempting to timely schedule Ms. Boatright's examination.  Even if the parties had

shown good cause, the court is unable to grant a three-month continuance.  The court has a full trial calendar and will not imperil the trial dates of other parties.

Nevertheless, the parties are not without options.  The court is willing to consider extending the discovery deadline for the limited purpose of completing Ms. Boatright's Rule 35 examination.  If the parties choose this option, all other pretrial deadlines will remain unchanged.  Alternatively, the court will consider moving the parties' trial date to the end of its trial calendar.  The parties should be aware that the court is presently scheduling trials in late fall of 2023.  If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all unexpired pretrial deadlines.  If the parties wish to seek either of these forms of relief, they should file a stipulated motion to that effect.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES the parties' stipulated motion to continue the trial date and pretrial deadlines (Dkt. # 16).

DATED this 2nd day of December, 2021.

JAMES L. ROBART
United States District Judge